# United States District Court
## District of New Mexico

## Document Verification

**Case Title:** Ratzlaff v. USA
**Case Number:** 04cv00197   Cr 02-1815 LH
**Office:**

### Document Information

| | |
|---|---|
| **Number:** | 15 |
| **Description:** | MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION recommending petitioner's 2255 motion be denied (cc: all counsel*) |
| **Size:** | 7 pages (22k) |
| **Date Received:** | 03/18/2005   **Date Filed:** 03/18/2005   **Date Entered On Docket:** 03/18/2005 |
| | 11:21:40 AM |

### Court Digital Signature    [View History]

```
41 18 b1 66 7d 42 6f 04 e6 6c b3 c3 f1 8b ba db bc 29 63 f5 2b a5 2b b8 5f 7a c0 b3 20 38 4f 22 9c f8
f6 d9 22 c9 b3 8f 96 47 0a 46 7e ab a1 7b b1 ab f9 1a 2d c4 33 86 c0 1c c6 77 b7 81 72 e1 64 15 38 4d
f7 3a e1 5b c5 0c 22 41 fd 8c be 8c 22 c7 d2 5f 79 f0 65 5c f6 5b f5 52 57 b2 f9 b2 87 e8 29 cb c9 0f
48 dc 5c a7 3b 46 bc 3a 16 5e 19 32 71 2e 7c 46 77 a3 b7 32 20 ef ec 8b e1 f2
```

### Filer Information

**Submitted By:** Julie K. Fritsch

**Comments:** RECOMMENDED FINDING by Magistrate Judge Leslie C. Smith Recommending Defendant's Petition for Writ of Habeas Corpus be Denied.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Friday, March 18, 2005*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.


113

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                 No. CIV 04-197 LH/LCS
                                      No. CR 02-1815 LH

DANIEL RATZLAFF,

        Defendant-Petitioner.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed June 2, 2004 (Doc. 6). Defendant attacks the Sentence entered on September 18, 2003 in the case styled *United States of America v. Daniel Ratzlaff*, CR 02-1815 LH, United States District Court for the District of New Mexico. The United States Magistrate Judge, having reviewed the Amended Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Defendant's Petition be **DENIED**.

    **I.**    **Procedural History**

    1.    On October 8, 2002, a federal grand jury in the District of New Mexico returned a six-count indictment charging Defendant (and a co-conspirator, Barela) with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. (Count I). Defendant was also charged with distribution of less than 50 grams of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C) (Counts II and

IV of the indictment); with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) (Count VI); and with carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924 (c)(1)(A)(i) (Counts III and VII). Barela was charged with Defendant as to Counts IV, VI, and VII and was charged alone in Count V with distribution of less than 50 grams of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C).

2. Defendant pleaded guilty to Counts I, II, IV, VI, and VII of the indictment on April 14, 2003, pursuant to a plea agreement with the United States. (Doc. 55). Pursuant to the plea agreement, Count III of the indictment was dismissed. Also pursuant to the plea agreement, Defendant waived his right to appeal his sentence. On September 17, 2003, Defendant was sentenced to a total of 180 months imprisonment. (Doc. 88). As charged, Defendant faced a mandatory minimum sentence of forty years imprisonment.

3. On February 20, 2004, Mr. Ratzlaff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The § 2255 Motion, filed within one year of the Judgment and Sentence, is timely under the Antiterrorism and Effective Death Penalty Act. *See* 28 U.S.C. § 2255. Defendant subsequently filed an amended motion on June 2, 2004. (Doc. 6). Mr. Ratzlaff filed a Motion for Default Judgment against the United States on September 27, 2004. (Doc. 8). The United States filed a Motion for a Revised Briefing Schedule on October 1, 2004 (Doc. 9), which was granted by the Court on October 5, 2004. (Doc. 11). The United States filed its Motion to Dismiss Defendant's Petition on October 29, 2004. (Doc. 13).

**IV. Analysis**

4. Defendant raises the following issues in his Petition:

2

    I.      Petitioner Received Ineffective Assistance of Counsel

    II.     Petitioner's Plea was not Knowing and Voluntary

    III.    Petitioner's Sentence was Disproportionate in Violation of the Eighth Amendment

    IV.    Petitioner's Co-Defendant Received a Lesser Sentence

**Procedural Default**

5.    The Government contends this Court need not reach the merits of Petitioner's claims because Petitioner has not complied with the requirements mandated by 28 U.S.C. § 2255 for filing a Motion to Vacate Sentence, and that Petitioner has thereby procedurally defaulted his claims. It is axiomatic that a § 2255 motion is not intended as a substitute for an appeal. *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004); *United States v. Frady*, 456 U.S. 152, 164-65 (1982). The failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review. *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). Although Mr. Ratzlaff's plea agreement prevented him from appealing, this is not sufficient cause for his procedural default. *See United States v. Pipitone*, 67 F.3d 34, 39 (2nd Cir. 1995); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992).

6.    Two well-recognized exceptions exist under which a defendant may avoid the bar against consideration of procedurally defaulted claims. *Cervini*, 379 F.3d at 990. First, if a Defendant can show both, 1) good cause for his failure to raise the issue earlier, and 2) that the court's failure to consider the claim would result in actual prejudice, the procedural bar will not be applied. *Frady*, 456 U.S. at 167. Alternatively, if a defendant can demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice, the court may reach

the merits of the petition despite the procedural bar. *Schlup v. Delo*, 513 U.S. 298, 319 (1995).

7. A defendant may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards required by the Sixth Amendment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Mr. Ratzlaff may therefore raise his claims in this habeas proceeding only if he can first demonstrate either "cause" and "actual prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Ineffective assistance of counsel may satisfy the "cause" prong of the default analysis. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Although it appears Mr. Ratzlaff's claims are procedurally barred, I will examine his claims of ineffective assistance of counsel to determine if the standards of the Sixth Amendment were met in this matter.

**Ineffective Assistance of Counsel**

8. A claim of ineffective assistance of counsel is a mixed question of law and fact. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002). Mr. Ratzlaff must demonstrate both deficient performance and prejudice. He must show that counsel made errors that were so serious that counsel's performance could not be considered "reasonable under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Prejudice in the context of a guilty plea requires Petition to show that there is a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001).

9. At no time does Mr. Ratzlaff contend that, but for counsel's errors, he would have insisted on going to trial. Neither does Petitioner point to specific errors on the part of counsel which constituted deficient performance and thereby prejudiced him. At most, Petitioner alleges

4

that counsel failed to act in his best interest because, as he contends, counsel should have informed him, with respect to his plea of guilty to drug trafficking, that Petitioner, "was not thinking with his God-given intellect, but with his hormones." (Doc. 6). Petitioner also alleges that counsel did not examine the evidence carefully because, had he done so, he would have recognized that Petitioner's co-defendant acted more culpably than did Petitioner. (Id.) A defendant making a claim of ineffectiveness of counsel on a guilty plea must identify particular acts and omissions of counsel that tend to prove counsel's advice was not within the wide range of professional competence. *Moore v. United States*, 950 F.2d 656, 660 (10th Cir. 1991). Mr. Ratzlaff has failed to identify any specific legal errors on the part of counsel which satisfy the standard outlined in *Moore*.

10.     Petitioner's allegations therefore, without more, do not render counsel's performance unreasonable under prevailing professional norms within the meaning of *Strickland*. Nor has Petitioner demonstrated prejudice by showing a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Lockhart*, 474 U.S. at 59. I therefore recommend finding that Petitioner's counsel was not ineffective. Because I recommend finding that counsel was not ineffective, I also recommend finding that Petitioner's guilty plea was made knowingly and voluntarily.

**Disproportionate Sentence in Violation of the Eighth Amendment**

11.     Defendant further argues that his sentence violates the Eighth Amendment because his sentence was disproportionate to the crime to which he pleaded guilty and because of a disparity in sentencing between himself and his co-defendant. I recommend this argument be rejected. Mr. Ratzlaff, upon entering his plea of guilty, received a sentence of imprisonment

5

within the statutory range of ten years to life. In fact, Mr. Ratzlaff was sentenced to 180 months imprisonment, or fifteen (15) years. This Court has previously held it is without jurisdiction to consider an appeal regarding a trial court's discretionary refusal to depart downward from the guidelines. *United States v. Davis*, 900 F.2d 1524, 1529-30 (10th Cir. 1990).

12. Petitioner further contends that his sentence violates the Eighth Amendment because his co-defendant, who, he asserts, had a greater level of involvement in the underlying criminal activity, received a lesser sentence. The Eighth Amendment requires that a sentence not be disproportionate to the severity of the crime. *United States v. Youngpeter*, 986 F.2d 349, 355 (10th Cir. 1993); *Solem v. Helm*, 463 U.S. 277, 284 (1983). In this case, Mr. Ratzlaff's sentence was within the appropriate range as established by proper application of the Sentencing Guidelines. Mr. Ratzlaff's sentence is therefore proportionate to his crime.

13. The Court has also held that, when two or more defendants are convicted of the same crime, a sentencing difference may be expected as the Sentencing Guidelines dictate a sentence based upon each defendant's conduct and criminal history. Sentencing differences due to individual conduct as considered by the Sentencing Guidelines do not make a sentence disproportionate. *Youngpeter*, 986 F.2d at 356. I recommend therefore that Defendant's Petition, with respect to his claims of disproportionate sentencing, be denied.

## RECOMMENDATION

I recommend that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed February 23, 2004 (Doc. 1) be **DENIED**. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to

§636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**